## Industrial Valley Bank & Trust Co. v. Shenker

*Rosenfeld, Wanrott & Ivan*, for plaintiff.
*David Webb*, for defendants.
*Charles Greenberg*, for additional defendant.

HIRSH, *J.*, July 1, 1975—On December 9, 1970, defendants, Morris Robert Shenker and Esther Shenker, entered into a motor vehicle installment sales contract to purchase a 1971 Ford from additional defendant, Reischer Ford Corporation. Defendants financed the automobile through plaintiff. Under the terms of the contract, defendants were to pay 36 scheduled monthly payments totalling $4637.16.

Defendants defaulted in the loan payments and plaintiff, without notice or hearing, repossessed the vehicle on October 18, 1971. However, on the same day plaintiff repossessed the automobile, plaintiff advised defendants by certified mail of the repossession pursuant to the Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, sec. 23, 69 P.S. §623(d). Said notice advised defendants of the following: the terms under which the defendants could redeem the vehicle; plaintiff's intent to sell the vehicle at public sale at the expiration of 15 days from the date of said notice; and the place where the vehicle was stored and where and to whom defendants could make payment if they wanted to redeem the vehicle.

Thereafter, defendants failed to redeem within the specified 15-day period and the car was offered at public sale on November 2, 1971. However, defendants did not appear nor were any bids submitted. Plaintiff, being unable to sell the automobile at that time, placed it on a retail used car lot where it was ultimately sold in March, 1972.

The matter is presently before this court on defendants' motion for partial summary judgment against plaintiff's claim for deficiency, alleging that there is no genuine issue to any material facts and therefore defendants are entitled to judgment as a matter of law. We are compelled to conclude differently.

Defendants aver that plaintiff, in its answer, answers to request for admissions, and answers to interrogatories, admits that, without notice or hearing, plaintiff repossessed the vehicle. The pivotal question involved is whether plaintiff's failure to give notice of said private sale precludes plaintiff from recovering any deficiency judgment.

It is patent that plaintiff was only required to give defendants notice immediately after the repossession: 69 P.S. §623(d) of the Motor Vehicle Sales Finance Act, supra. Defendants cannot dispute that notice was sent the same day the automobile was repossessed. Certainly one must conclude that this satisfies the requirements of this act.

Defendants further aver that plaintiff failed to give them reasonable notification before the private sale of the automobile; therefore, defendants were deprived of their right to redeem the vehicle up to the time of sale as provided by the Act of April 6, 1953, P.L. 3, secs. 9-504(3) and 9-506, reenacted October 2, 1959, P.L. 1023, as amended, 12A P.S. §§9-504(3) and 9-506 (article 9 of the Uniform Commercial Code). However, as accurately indi-

cated by plaintiff, the Motor Vehicle Sales Finance Act controls and not the Uniform Commercial Code. Defendants palpably misconceive the provisions of the Motor Vehicle Sales Finance Act as will be shown infra, and their assertion that the Uniform Commercial Code applies is wholly untenable.

It is precisely stated in 12A P.S. §9-203(2) of the U.C.C., supra, that:

"[where] a transaction, although subject to . . . [Article 9 of the Code], is also subject to . . . the 'Motor Vehicle Sales Finance Act', . . . in so far as [the latter] statute by its terms applies to the transaction, and in the case of conflict between the provisions of this Article and [that] statute, the provisions of such statute control."

Plaintiff's timely sending of the repossession notice to defendants fully satisfied the notice requirements under the Motor Vehicle Sales Finance Act, sec. 623. Moreover, this act does not require plaintiffs to give any additional notice to defendants.

In addition, section 26 of the Motor Vehicle Sales Finance Act is particularly significant to the case at bar and provides in pertinent part the following:

"A. When the repossessed motor vehicle under an installment sale contract is not redeemed by the buyer either by termination or reinstatement of the contract within the fifteen (15) days notice of redemption period, the buyer shall forfeit all claim to such motor vehicle and collateral security."

Therefore, it would suffice to say that defendants forfeited all claim to the automobile by not taking appropriate action within the allotted 15-day period. Having no interest in said vehicle, there would be no reason to notify defendant of the pri-

vate sale consummated some five months subsequent to the repossession: Whiteman v. Degnan Chevrolet, Inc., 217 Pa. Superior Ct. 424, 428, 272 A. 2d 244 (1970).

It is readily apparent that defendants are not entitled to judgment as a matter of law; consequently their motion for partial summary judgment is inappropriate and therefore denied. In light of the foregoing, this court finds that plaintiff complied in all respects with the law that controls the instant matter and therefore we direct that their claim for deficiency judgment be granted.

Accordingly, it is therefore ordered and decreed that judgment is entered in favor of plaintiff and against defendants upon plaintiff's claim for deficiency judgment in the amount of $1,404.82.